**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No.   2:06-cr-00169-PMP-GWF |
| vs. | ) | **FINDINGS & RECOMMENDATIONS** |
| JOSE NOE JIMENEZ, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Jose Noe Jimenez's Motion to Dismiss Based Upon a Prior Unlawful Deportation (#26), filed on February 1, 2007; the Government's Response to Defendant's Motion to Dismiss Based Upon a Prior Unlawful Deportation (#30), filed February 15, 2007; and Defendant's Reply to Government's Response to Defendant's Motion to Dismiss Based Upon a Prior Unlawful Deportation (#31), filed on February 20, 2006.  The Court conducted a hearing on this matter on February 28, 2007.

Defendant Jimenez was indicted on May 17, 2006 for violation of 18 U.S.C. § 1326 - Unlawful Reentry of Deported Alien.  The indictment charges that on or about May 4, 2006, Defendant, an alien, who had been deported and removed from the United States on or about November 8, 2005, was found in the United States, having unlawfully reentered and remained in this country without the express consent of the Attorney General or his successor, the Secretary for Homeland Security.  Defendant moves for dismissal of the indictment on the grounds that at time of his deportation hearing in July 2005, the Immigration Judge did not advise Defendant of his rights to seek relief from deportation and

1 that Defendant's waiver of his right to appeal the deportation order was, therefore, invalid based on the
2 violation of his due process rights.

3 **FACTUAL AND PROCEDURAL BACKGROUND**

4 Defendant Jimenez, a non-citizen, became a lawful permanent resident of the United States on
5 April 19, 1990. *Defendant's Motion (#26), Exhibit "2" , Transcript of Removal Hearing,* page 3; *Id.,*
6 *Exhibit "3", Notice of Hearing; see also Government's Response* (#30), *Attachments,* pages 36-39.
7 According to Defendant's motion, he thereafter continuously resided in the United States until the time
8 of deportation. *Defendant's Motion* (#26), page 3.

9 In October, 1997, Defendant was convicted of Carrying a Concealed Weapon, a misdemeanor,
10 for which he received a suspended 30 day jail sentence. Defendant was subsequently arrested in August
11 1998, and was eventually charged in a multi-count Federal superceding criminal indictment charging
12 drug trafficking offenses, filed on April 14, 1999 in the United States District Court for the District of
13 Nevada,  Case No. CR-S-98-292-JBR (RJJ).  On or about September 9, 2000, Defendant entered into a
14 Guilty Plea Memorandum (Non-Binding) pursuant to which he agreed to plead guilty to a superceding
15 information charging him with two counts of Use of a Communications Facility to Facilitate a Drug
16 Trafficking Crime in Violation of Title 21 United States Code § 843(b). *Government's Response* (#30),
17 *Attachments*, pages 59-65.  The Superceding Information alleged that Defendant "knowingly and
18 intentionally did use a communication facility, that is a telephone in facilitating the distribution of a
19 controlled substance, a felony under 21 U.S.C. § 841(a)(1), by using said telephone to help arrange the
20 delivery of a controlled substance for further distribution, all in violation of 21 U.S.C. § 843(b)."
21 *Government's Response* (#30), *Attachments*, pages 75-76.  The Judgment in a Criminal Case was filed
22 on October 27, 2000 and the Court imposed a sentence of 48 months on each Count and ran the
23 sentences consecutively, for a total sentence of 96 months. *Defendant's Motion* (#26), *Exhibit "1"*,
24 pages 44-52.

25 On or about February 3, 2005, the Immigration and Naturalization Service issued a Notice to
26 Appear to Defendant stating that he was subject to removal from the United States pursuant to Section
27 237(a)(2)(A)(iii) of the Immigration and Nationality Act because he had been convicted of an
28 aggravated felony as defined in Section 101(a)(43)(B) [8 U.S.C. § 1101(a) (43)(B)], an offense relating

2

1  to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled

2  Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, United

3  States Code. *Government's Response (#30), Attachments,* pages 36-38. The Notice to Appear also

4  stated that Defendant was subject to removal pursuant to Section 237(a)(2)(C) of the Immigration and

5  Nationality Act based on his prior conviction for Carrying a Concealed Weapon. *Id.*

6          Defendant appeared before an Immigration Judge on July 13, 2005 for a deportation/removal

7  hearing. *Defendant's Motion (#26), Exhibit "2", Transcript.* At the hearing, the Immigration Judge

8  advised Defendant that he had a right to be represented by an attorney, at no expense to the

9  Government. Defendant advised the Immigration Judge that he would proceed without an attorney. *Id.,*

10 *Transcript,* page 2. Defendant acknowledged his October 2000 conviction in Federal Court in Nevada

11 for Illegal Use of a Communication Facility to Facilitate a Drug Trafficking Crime. Defendant disputed

12 his April 1998 conviction in a Nevada state court for carrying a concealed weapon, however, stating

13 that the weapon belonged to him and he had a permit for it. *Id., Transcript,* pages 3-4.

14         After conferring with the Government's Trial Attorney whether Defendant's Federal conviction

15 was an aggravated felony under Section 101(a)(43)(B) [8 U.S.C. § 1101(a) (43)(B)], the Immigration

16 Judge advised Defendant:

17              O.K. I find that you have violated the Immigration laws based upon your
                federal conviction and your state conviction as charged against you.
18              While your weapons conviction does not appear to be very serious, your
                federal conviction mandates or requires that you forfeit or give up your
19              green card and suffer deportation. It is required by law do you understand
                that?
20

21 *Id., Transcript,* page 5.

22         Defendant acknowledged that he understood. The Immigration Judge thereupon advised

23 Defendant that he was going to issue a deportation order returning him to Mexico following the

24 completion of his federal sentence, and asked Defendant if he wanted the Immigration Judge to explain

25 his appeal rights. Defendant responded yes. *Id., Transcript,* page 5. The Immigration Judge then

26 explained to Defendant that he had ordered his deportation based on his criminal convictions and that

27 his Federal conviction required that he be deported, and that the Judge did not have discretion to permit

28 Defendant to remain in the United States. The Immigration Judge explained to Defendant that he had

3

1    the right to appeal the deportation order to challenge legal or factual errors made by the Immigration

2    Judge and whether he made the right or wrong decision.  *Id.*

3         The Immigration Judge asked Defendant if he understood his appeal rights.  Defendant

4    answered yes, and inquired whether the immigration authorities could release him on bail.  The

5    Immigration Judge advised Defendant that he did not have authority to release him on bail because he

6    was under the jurisdiction of the Bureau of Prisons.  He then asked Defendant if he wanted to file an

7    Immigration Appeal.  Defendant responded no.  The Immigration Judge therefore found that Defendant

8    had knowingly and intelligently waived his right to an appeal.  *Id,*, pages 5-6.

9                                          **DISCUSSION**

10        The issue on this motion is whether Defendant's conviction for Use of a Communications

11   Facility to Facilitate a Drug Trafficking Crime in Violation of Title 21 United States Code § 843(b) was

12   an aggravated felony pursuant to which Defendant was not eligible for relief from removal and

13   deportation.  Defendant contends that the Government cannot demonstrate that his conviction was an

14   aggravated felony.  He therefore argues that his due process rights were violated because the

15   Immigration Judge did not inform him of the other forms of available relief for which he could apply

16   and his waiver of his appeal rights was not knowingly and intelligently made.

17        In a criminal prosecution under 8 U.S.C. § 1326, the "Due Process Clause of the Fifth

18   Amendment requires a meaningful opportunity for judicial review of the underlying deportation

19   proceeding."  *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001), quoting *United States*

20   *v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir. 2000).  The validity of the underlying deportation order may

21   not be collaterally attacked in the criminal proceeding if the alien validly waived his right to appeal that

22   order during the deportation proceeding.  *Id.*  In order for the waiver to be valid, it must be both

23   "considered and intelligent."  A waiver is not "considered and intelligent" when the record contains an

24   inference that the alien was eligible for relief from deportation, but the Immigration Judge failed to

25   advise the alien of this possibility and give him the opportunity to develop the issue.  *United States v.*

26   *Muro-Inclan*, *supra,* at 1182.  When a defendant moves to dismiss an indictment under 8 U.S.C. § 1326

27   based on a due process violation in the underlying deportation proceeding, he must show prejudice

28   resulting from the due process violation.  To establish prejudice, defendant does not have to show that

                                            4

1   he actually would have been granted relief, but is only required to show that he had a plausible ground

2   for relief from deportation. *United States v. Muro-Inclan*, *supra,* at 1184, citing *United States v. Arrieta,*

3   224 F.3d at 1079.

4            Pursuant to 8 U.S.C. §1229b(a), the Attorney General may cancel removal in the case of an

5   alien who has been lawfully admitted for permanent residence for not less than five years, has resided in

6   the United States continuously for seven years, and has not been convicted of any aggravated felony.[1]  It

7   appears from the record of the Deportation/Removal Hearing that the Immigration Judge determined

8   that the Defendant's October 2000 conviction for Use of a Communications Facility to Facilitate a Drug

9   Trafficking Crime in Violation of Title 21 United States Code § 843(b) was an aggravated felony and

10  he was therefore not eligible for relief from deportation.   The Immigration Judge did not inform

11  Defendant that he was eligible to apply for relief from deportation and removal.

12           Defendant argues that the Immigration Judge did not apply, or properly apply, the categorical

13  analysis set forth in *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607

14  (1990) to determine whether or not Defendant's federal conviction was an aggravated felony, as defined

15  in 8 U.S.C. § 1101(a)(43).  Defendant argues that because his previous conviction is not an aggravated

16  felony, he would have been eligible to seek relief from deportation, and his waiver of his appeal rights

17  was not knowingly and intentionally made because he was not informed of these rights.  The validity of

18  the current Indictment therefore hinges on whether Defendant's conviction for Use of a

19  Communications Facility to Facilitate a Drug Trafficking Crime in Violation of Title 21 United States

20  Code § 843(b) constitutes an aggravated felony.

21           The term  "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43) to include:

22               (B) illicit trafficking in a controlled substance (as defined in section 102
                 of the Controlled Substances Act [21 U.S.C. §  802]), including a drug
23               trafficking crime (as defined in section 924(c) of title 18 of the United
                 States Code)[.]
24

25  _____

26       [1]Pursuant to 8 U.S.C. §1229c(a)(1), the Attorney General may permit an alien voluntarily to
    depart the United States at the alien's own expense in lieu of deportation if the alien is not deportable
27  under section 1227(a)(2)(A)(iii) (conviction of an aggravated felony) or under section 1227(a)(4)(B)
    (terrorist activities).   Defendant, however, did not raise this alternative form of possible relief in his
28  Motion.

18 U.S.C. § 924(c) further states:

> (2) For purpose of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C.  951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).

21 U.S.C. § 802(44) defines the term "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant and stimulant substances."

Defendant pled guilty to the violation of  21 U.S.C. § 843(b) charged in the Superceding Information and for which he received a sentence of 4 years imprisonment on each count.  This statute provides:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter.  Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

21 U.S.C. § 843(d) provides that a person convicted under 21 U.S.C. § 843(b) shall be sentenced to a term of imprisonment of not more than 4 years.

In *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the defendant was convicted of unlawful possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g).  Under 18 U.S.C. § 924(e), defendant was subject to a sentence enhancement if he had three previous convictions by any court for a "violent felony."  The statutory definition of "violent felony" included the crime of burglary.  18 U.S.C. § 924(e)(2)(B)(ii).  The defendant had two prior convictions that he did not challenge that were violent felonies within the meaning of the statute.  He argued, however, that his state conviction for burglary was not a burglary within the meaning of the federal statute.  The Court in *Taylor* adopted a "generic" definition of what Congress meant by "burglary" in 18 U.S.C. § 924(e)(2)(B)(ii).  The Court stated that without such a generic definition of what "burglary"

6

1  means, defendants sentenced under § 924(e)(2)(B)(ii) would be left to the vagaries of different state

2  laws regarding what constitutes "burglary," some of which include crimes such as shoplifting which are

3  not within the common or generic understanding of that term.  Having determined the generic definition

4  of "burglary," the Court then held that in applying the sentencing enhancement provision of 18 U.S.C. §

5  924(e)(2)(B)(ii) to a defendant's previous state conviction for "burglary," the court is required to apply

6  a categorical analysis, by looking only to the fact of conviction and the statutory definition of the prior

7  offense to determine whether it is a generic crime under the federal statute.

8        In *United States v. Castillo-Rivera*, 244 F.3d 1020,1022 (9th Cir. 2001), the court further

9  explained the "categorical approach" as follows:

10        Under such an approach, "the issue is not whether [the] actual conduct
          constituted an aggravated felony, but whether the full range of conduct
11        encompassed by [the state statute] constitutes an aggravated felony."
          [*citing United States v. Sandoval-Barajas*, 206 F.3d 853, 855-56 (9th Cir.
12        2000).]

13        *Taylor* stated that the categorical approach may permit the court to go beyond the mere fact of

14  conviction in a narrow range of cases.  In *United States v. Rivera-Sanchez*, 247 F.3d 905 (9th Cir.

15  2001), the court explained this "modified categorical approach" as follows:

16        *Taylor* also permits courts "to go beyond the mere fact of conviction in a
          narrow range of cases." 495 U.S. at 602, 110 S.Ct. 2143.  When a statute
17        "reaches conduct that would constitute a crime of violence and conduct
          that would not," *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir. 2000), we have
18        interpreted *Taylor's* edict to include examination of "documentation or
          judicially noticeable facts that clearly establish that the conviction is a
19        predicate conviction for enhancement purposes[,] such as the indictment,
          the judgment of conviction, jury instructions, a signed guilty plea, or the
20        transcript from the plea proceedings." (citation omitted).

21        The Government argues that the Court need not go far in applying the categorical analysis to

22  determine that Defendant's conviction under 21 U.S.C. § 843(b) is an "aggravated felony" because it is

23  included within the statutes referenced in 8 U.S.C. § 1101(a)(43)(B) as constituting an "aggravated

24  felony."   In support of its position, the Government relied at the hearing in this matter on the Supreme

25  Court's recent decision in *Lopez v. Gonzalez*, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), which was cited

26  by Defendant at page 2 of its *Reply* (#31).

27        The defendant in *Lopez* was previously convicted under a South Dakota statute for helping

28  someone else possess cocaine, which the state law treated as the equivalent of possessing the drug and

7

1  which was a felony under the state statute.  The government therefore argued that this conviction

2  constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).  The Court noted, however, that

3  mere possession is not a felony under the federal Controlled Substances Act, 21 U.S.C. § 844(a) and

4  would constitute only a misdemeanor under federal law.  *Lopez*, 127 S.Ct. at 629.  In rejecting the

5  government's argument, the Court stated that the terms "illicit trafficking" or "trafficking" are not

6  defined in the statutes in issue.  The meaning of  "trafficking" as applied to whether a conviction under

7  state law is an aggravated felony pursuant to Section 1101(a)(43)(B) must therefore be based on its

8  regular use or meaning in order to determine what Congress intended.  Based on the ordinary or regular

9  meaning of the word "trafficking," the Court stated that it means some sort of commercial dealing,

10  which would not include mere possession.   The Court further stated:

11          First, an offense that necessarily counts as "illicit trafficking" under the
         INA is a "drug trafficking crime" under § 924(c), that is, a "felony
12          punishable under the [CSA]," § 924(c)(2).  And if we want to know what
         felonies might qualify, the place to go is to the definition of crimes
13          punishable as felonies under the Act; where else would one naturally
         look?

15  *Lopez*, 127 S.Ct. at 630.

16          The Court further stated at 127 S.Ct. 630, n. 6:

17          Of course, we must acknowledge that Congress did counterintuitively
         define some possession offenses as "illicit trafficking."  Those state
18          possession crimes that correspond to felony violations of one of the
         statutes enumerated in § 924(c)(2), such as possession of cocaine base
19          and recidivist possession, see 21 U.S.C. § 844(a), clearly fall within the
         definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C.
20          § 924(c)(2), regardless of whether these federal possession felonies or
         their state counterparts constitute "illicit trafficking in a controlled
21          substance" or "drug trafficking" as those terms are used in ordinary
         speech.  But this coerced inclusion of a few possession offenses in the
22          definition of "illicit trafficking" does not call for reading the statute to
         cover others for which there is no clear statutory command to override
23          ordinary meaning.

24          In this case, Defendant Jimenez pled guilty to two counts of violating 21 U.S.C. § 843(b) for

25  which he received a sentence of 48 months (4 years) on each count.  This is one of the crimes that

26  clearly falls within 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2).  Under  8 U.S.C. §

27  1101(a)(43)(B) "illicit trafficking" includes a drug trafficking crime as defined in section 924(c) of Title

28  18 of the United States Code.  Section 924(c)(2), in turn, defines "drug trafficking crime" as any felony

8

1    punishable under the Controlled Substances Act, 21 U.S.C. § 801 et seq.  21 U.S.C. § 802(44) defines

2    the term "felony drug offense" as "an offense that is punishable by imprisonment for more than one

3    year under any law of the United States or of a State or foreign country that prohibits or restricts

4    conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant and stimulant

5    substances."  Therefore, Defendant's conviction under 21 U.S.C. § 843(b) is an "illicit trafficking"

6    offense, and an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(B).

7         Defendant's argument that his conviction under  21 U.S.C. § 843(b) is not an aggravated felony

8    is based on an argument that, in effect, is opposite to what the Supreme Court states in *Lopez*.  The

9    Defendant would have the Court apply the ordinary or regular meaning of the terms "trafficking" or

10   "facilitate" to determine whether a conviction under  21 U.S.C. § 843(b) constitutes "illicit trafficking"

11   within the meaning of Section 1101(a)(43)(B).  This, however, is an incorrect and unnecessary reading

12   of the statutes because a violation of  21 U.S.C. § 843(b) is, by definition, a drug trafficking crime

13   under 18 U.S.C. § 924(c)(2) and, therefore, an "illicit trafficking" offense within the meaning of Section

14   1101(a)(43)(B).

15        Likewise, Defendant's argument that 21 U.S.C. § 843(b) is a solicitation crime, which is

16   nowhere mentioned in the Controlled Substances Act, does not support his argument.  Defendant relies

17   on *United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001), in which the defendant was

18   charged under an extremely broad state statute which could include simple transportation of marijuana

19   for personal use, and which could also include "offers" or "solicitations" to transport, import, sell,

20   furnish, administer or give away marijuana.  The court noted that it had previously held that solicitation

21   offenses are not aggravated felonies under 8 U.S.C. § 1101(a)(43)(B) because solicitation offenses are

22   not included in the Controlled Substances Act.  *Rivera-Sanchez, supra, quoting Leyva-Licea v. INS*, 187

23   F.3d 1147, 1150 (9th Cir. 1999).  The court further stated that where a statute lists some generic

24   offenses but omits others, the statute covers only the generic offenses expressly listed.  Whether 21

25   U.S.C. § 843(b) includes conduct that would constitute "solicitation" within the ordinary meaning of

26   that term, however, does not remove a conviction under that statute from the scope of 8 U.S.C. §

27   1101(a)(43)(B).  A conviction under that statute is, again, by definition an aggravated felony within the

28   meaning of Section 1101(a)(43)(B) because it is a "drug trafficking crime" as defined in 18 U.S.C. §

1  924(c)(2).

2        Defendant also relies on Ninth Circuit decisions which hold that where a statute allows a

3  defendant to be convicted for "aiding and abetting" rather than for commission of the substantive

4  offense itself, the crime is not an aggravated felony within the meaning of Section 1101(a)(43)(B).  *See*

5  *Penuliar v. Aschcroft*, 395 F.3d 1037 (9th Cir. 2005).  The Supreme Court, however, has overruled the

6  Ninth Circuit's construction of the statute, at least as it applies to aiders and abettors present at the

7  scene or before the fact.  *Gonzalez v. Duenas-Alvarez*, 127 S.Ct. 815 (2007).

8        Defendant pled guilty to a Superceding Information that charged him with "knowingly and

9  intentionally [using] a communication facility, that is a telephone in facilitating the distribution of a

10 controlled substance, a felony under 21 U.S.C. § 841(a)(1), by using said telephone to help arrange the

11 delivery of a controlled substance for further distribution, all in violation of 21 U.S.C. § 843(b)."

12 *Government's Response* (#30), *Attachments*, pages 75-76.  The Guilty Plea Memorandum signed by

13 Defendant and his counsel further states that the Government could prove that Defendant engaged in

14 telephone or wire conversations in which Defendant and other individuals discussed transporting a

15 "1/2" quantity of controlled substance from one location to another and the sale of a 1/2 ounce of a

16 controlled substance to an individual who participated in the communication.  *Government's Response*

17 (#30), *Attachments*, page 63.  Under the "modified categorical approach," the Superceding Information

18 and the Guilty Plea Memorandum, together with the judgment of conviction are documents that the

19 court can take judicial notice of in determining that Defendant's previous conviction was an aggravated

20 felony under Section 1101(a)(43)(B).  *United States v. Rivera-Sanchez*, 247 F.3d 905 (9th Cir. 2001) .

21 These documents clearly and unequivocally show that Defendant's conviction under 21 U.S.C. § 843(b)

22 was an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(B).

23                                    **CONCLUSION**

24        The Court finds that Defendant Jimenez's October 27, 2000 conviction and sentence for

25 violation of 21 U.S.C. § 843(b) was an aggravated felony within the meaning of 8 U.S.C. §

26 1101(a)(43)(B).  Accordingly, Defendant was not eligible for relief from deportation under 8 U.S.C.

27 §1229b(a).  The Court therefore finds that Defendant's waiver of his appeal rights from the Immigration

28 Judge's order for removal and deportation was knowingly and intelligently made and his due process

10

1    rights were not violated during his deportation hearing on July 13, 2005.

2    **RECOMMENDATION**

3      **IT IS RECOMMENDED** that Defendant's Motion to Dismiss Indictment Based Upon Prior

4    Unlawful Deportation (#26) be DENIED.

5    **NOTICE**

6      Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

7    writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the

8    courts of appeal may determine that an appeal has been waived due to the failure to file objections

9    within the specified time.  *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1)

10   failure to file objections within the specified time and (2) failure to properly address and brief the

11   objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues

12   from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi*

13   *Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

14      DATED this 2nd day of March, 2007.

15

16                  _George Foley Jr._

17                  GEORGE FOLEY, JR.
                  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28